*176 MR. JUSTICES HAS WELL and DALY
(specially concurring) :
We concur in affirming the conviction, but feel the majority opinion contains an error of law to which this special concurring opinion is directed.
- The defendant contends that he was prejudiced “by the Court’s allowing the hearsay testimony of Officer Knutsen that the defendant was the assailant”. The majority hold the admission of this testimony “harmless error”. In our view, the admission of this testimony is no error at all as the testimony is clearly admissible.
The testimony of Officer Knutsen that upon his arrival at the scene of the shooting Mr. Foster stated that defendant had shot the victim is admissible as a “verbal act”, as well recognized exception to the hearsay rule. See Wharton’s Criminal Evidence, 13th Ed., Yol. 2, Sec. 274. The fact the statement was made, irrespective of its truth or falsity, is relevant. It serves to show the sequence of events immediately following the shooting; in particular it explains why police activity had focused on defendant and why police subsequently apprehended him. Without this information, the jury would be left in the dark concerning the chase and subsequent arrest of defendant.
Judge Wilson clearly limited the testimony to this purpose :■
“Overruled, I am going to allow the witness to answer but again I caution the Jury don’t allow the answer to affect your determination of guilt or innocence of this defendant. It’s only for the purpose of establishing the sequence of events.”
Hence, the testimony was clearly admissible; no error was committed; and the “harmless error” rule is not involved.